UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON MIGUEL ESCAMILLA, | No. 2:22-cv-2038 AC P |
| Plaintiff, | |
| v. | ORDER |
| A. OBOYLE, et al., | |
| Defendants. | |

Plaintiff has requested the appointment of counsel. ECF No. 20. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish

exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff seeks appointment of counsel on the ground that he suffers from bi-polar disorder and anxiety. ECF No. 20. However, the mere claim that plaintiff suffers from mental health conditions is not enough to establish exceptional circumstances warranting appointment of counsel. Moreover, plaintiff has, up to this point, demonstrated that he is capable of articulating his claims without assistance. If plaintiff chooses to file another motion for appointment of counsel in the future, he should identify what conditions he suffers from, explain how his conditions prevent him from proceeding without assistance, and provide medical documentation supporting his claimed impairments.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 20) is DENIED.

DATED: January 5, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE