UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDON MIGUEL ESCAMILLA,

Plaintiff,

v.

A. OBOYLE, et al.,

Defendants.

No.  2:22-cv-2038 AC P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. The original complaint was screened, was found to state a cognizable claim for excessive force in violation of the Eighth Amendment, and was ordered served.  ECF No. 6.  Currently before the court is plaintiff's first amended complaint, filed as a matter of course under Federal Rule of Civil Procedure 15(a)(1).  ECF No. 23.  Also before the court is defendants' motion for an extension of time to file service waivers.  ECF No. 22.

I.      First Amended Complaint

        A.      Statutory Screening of Prisoner Complaints

        The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

1

1  monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

2      A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

3  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

4  Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

5  theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639,

6  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

7  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

8  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

9  Franklin, 745 F.2d at 1227-28 (citations omitted).

10     "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

11  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

12  what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550

13  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

14  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

15  of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

16  680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

17  to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

18  cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

19  speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain

20  something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

21  cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

22  R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

23     "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

24  relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

25  Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

26  content that allows the court to draw the reasonable inference that the defendant is liable for the

27  misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this

28  standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

1  Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

2  pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

3  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

4            B.      The Amended Complaint

5        The amended complaint, like the original, alleges that defendants Oboyle and Phillips

6  assaulted plaintiff on August 24, 2022, and falsified documents and evidence against him to cover

7  up the assault.  ECF No. 23.  Plaintiff's allegations are sufficient, as they were in the original

8  complaint, to state an Eighth Amendment excessive force claim against defendants.  See Hudson

9  v. McMillian, 503 U.S. 1, 6-7 (1992) (force is excessive if used "maliciously and sadistically to

10  cause harm" (citation omitted)).

11        However, plaintiff's attempt to add a due process claim (ECF No. 23 at 7-8, 13) fails

12  because the allegations that defendants made false allegations against him, wrote him up for a

13  false disciplinary violation, and planted evidence to cover up their assault do not support a viable

14  due process claim.  See Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997) ("[T]here are no

15  procedural safeguards protecting a prisoner from false retaliatory accusations."); accord, Sprouse

16  v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir.

17  1986).  Plaintiff's allegations cannot support relief for a violation of due process, as a matter of

18  law, because the Due Process Clause is not implicated by the conduct at issue.

19            C.      No Leave to Amend

20        Leave to amend should be granted if it appears possible that the defects in the complaint

21  could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31

22  (9th Cir. 2000) (en banc).  However, if, after careful consideration, it is clear that a complaint

23  cannot be cured by amendment, the court may dismiss without leave to amend.  Cato v. United

24  States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

25        The undersigned finds that, as set forth above, plaintiff cannot state a claim for a due

26  process violation based upon false accusations.  The conduct of which plaintiff complains does

27  not implicate his due process rights, so amendment would be futile.  This claim should therefore

28  be dismissed without leave to amend.

1      II.      Motion for Extension of Time

2              The Office of the Attorney General has specially appeared in this matter to request an

3      extension of time to execute service waivers for defendants Oboyle and Phillips.  ECF No. 22.

4      Good cause appearing, the request for an extension of time in which to execute service waivers

5      will be granted.  The Clerk of the Court will also be directed to serve a copy of the first amended

6      complaint and this order on Deputy Attorney General Peter Lewicki for inclusion with the e-

7      service packet.

8              In accordance with the above, IT IS HEREBY ORDERED that:

9              1.  In accordance with 28 U.S.C. § 1915A, the Court has screened and found service of

10     the first amended complaint appropriate.  Defendants Oboyle and Phillips will be required to

11     respond to plaintiff's excessive force claim.

12             2.  Defendants' motion for an extension of time (ECF No. 22) is GRANTED.  Defendants

13     shall have until February 9, 2023, to file their waivers of service.

14             3.  The Clerk of the Court is directed to serve a copy of the first amended complaint (ECF

15     No. 23) and this order on Deputy Attorney General Peter Lewicki for inclusion with the e-service

16     packet.

17             4.  The Clerk of the Court shall randomly assign a United States District Judge to this

18     action.

19             IT IS FURTHER RECOMMENDED that plaintiff's Fourteenth Amendment due process

20     claim be dismissed without leave to amend.

21             These findings and recommendations are submitted to the United States District Judge

22     assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

23     after being served with these findings and recommendations, plaintiff may file written objections

24     with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings

25     and Recommendations."  Plaintiff is advised that failure to file objections within the specified

26     ////

27     ////

28     ////

4

time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

(9th Cir. 1991).

DATED: January 25, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE