UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON MIGUEL ESCAMILLA, | No. 2:22-cv-2038 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| A. OBOYLE, et al., | |
| Defendants. | |

Plaintiff has filed another request for the appointment of counsel. ECF No. 30. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish

exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff seeks appointment of counsel on the grounds that his mental health has worsened, resulting in an increase in his level of care; his housing assignment in administrative segregation prevents him from obtaining favorable evidence and investigating his claims; and the inmate who has been assisting him is going to be transferred. ECF No. 30 at 1-5. However, these circumstances are common to many prisoners and therefore do not demonstrate the existence of extraordinary circumstances warranting the appointment of counsel.

In denying plaintiff's previous motion for counsel, the court advised that if he was seeking appointment of counsel based upon his mental health conditions, he must provide medical documents supporting his claimed impairments. ECF No. 21 at 2. While plaintiff has provided medical records confirming his mental health diagnosis and that he suffers some difficulties as a result (ECF No. 30 at 7-14), these records do not establish that he is so impaired that he is unable to pursue this case without assistance. Many inmates with mental illness are able to adequately articulate their claims without assistance, and he has thus far plaintiff has demonstrated that he is capable of doing so. Although plaintiff asserts that he has been obtaining assistance from another inmate who is being transferred, it has yet to be established that he will be unable to find assistance elsewhere in the event the individual assisting him is in fact transferred. Finally, this case was recently referred to the Post-Screening ADR Project and is currently stayed. ECF No. 27. As a result, plaintiff has no pending deadlines. For all these reasons, plaintiff has not shown the existence of extraordinary circumstances warranting the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 30) is DENIED.

DATED: March 15, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE