UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON MIGUEL ESCAMILLA, | No. 2:22-cv-02038 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| A. OBOYLE, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 26, 2023, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. F. & R., ECF No. 24. Plaintiff has filed objections to the findings and recommendations. Objs., ECF No. 28.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis as to dismissal of the Fourteenth Amendment claim. However, the court finds leave to amend is not futile in this case.

1

In the findings and recommendations, the magistrate judge recommends dismissing plaintiff's Fourteenth Amendment due process claim without leave to amend. In plaintiff's first amended complaint, plaintiff alleges defendants violated his Fourteenth Amendment right to due process by falsifying evidence to cover up for their assault. FAC at 7–8, ECF No. 23.[1] The magistrate judge found "plaintiff's attempt to add a due process claim . . . fails because the allegations that defendants made false allegations against him, wrote him up for a false disciplinary violation, and planted evidence to cover up their assault do not support a viable due process claim." F. & R. at 3.

Plaintiff argues "the introduction of false evidence, in and of itself, is a direct violation of the due process clause . . . ." Objs. at 1. In his objections, plaintiff states he "has been in ad-seg [Administrative Segregation] a full half of a year so far, based solely on planted evidence and falsified state documents, without any hearing whatsoever afforded to him." *Id.* at 2. Plaintiff also states defendants "planted evidence and false testimony . . . to get the plaintiff out of his cell, and into the one spot in the prison that did not have a working camera . . . ." *Id.* Accordingly, he says he was subjected to an "arbitrary action" in "clear violation of due process." *Id.* at 5.

Under the Fourteenth Amendment, "[p]risoners may [ ] claim the protections of the Due Process Clause [and] may not be deprived of life, liberty, or property without due process of law." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* Thus, "[t]he fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 456 (1985). The "some basis" standard of review in *Hill*, however, does not apply to "a prison guard's initial accusation of a rule violation where the guard's accusation itself allegedly is false and retaliatory." *Hines v. Gomez*, 108 F.3d 265, 268 (9th Cir. 1997). Rather, the Ninth Circuit has held "there are no procedural safeguards protecting a prisoner from false retaliatory

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

2

accusations . . . . " *Id.* Accordingly, a false accusation of violating a prison rule by a correctional officer does not violate the due process clause. *Id.* at 269.

As the magistrate judge notes, the due process clause is not implicated in plaintiff's complaint. *See* F. & R. at 3. In plaintiff's complaint, he does not allege a violation of procedural due process—i.e., that there was a disciplinary decision made in violation of his Fourteenth Amendment right. Rather, he argues the act of planting false evidence was a violation of his due process rights. Under *Hines*, plaintiff does not have an actionable due process claim. Thus, dismissal of his due process claim is proper.

However, the court declines to adopt the magistrate judge's recommendation that leave to amend should not be granted. "[L]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal marks and citations omitted)). In plaintiff's objections, he states he has been placed in administrative segregation without a hearing. "The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff*, 418 U.S. at 558. Before segregating a prisoner for administrative reasons, due process requires the following procedures: "Prison officials must hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated. The prison officials must inform the prisoner of the charges against the prisoner or their reasons for considering segregation. Prison officials must allow the prisoner to present his views." *Toussaint v. McCarthy*, 801 F.2d 1080, 1100 (9th Cir. 1986), *overruled in part on other grounds*, *Sandin v. Conner*, 515 U.S. 472, 115 (1995). While not stated in his complaint, plaintiff argues in his objections that he has not been afforded a hearing and has been in administrative segregation because of the falsified evidence. Objs. at 2.

To have a cognizable due process claim, plaintiff must first show his placement in administrative segregation implicates a protected liberty interest. "Typically, administrative segregation in and of itself does not implicate a protected liberty interest." *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003). However, such disciplinary actions may implicate a protected liberty interest if the action "imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id.* at 1078 (9th Cir. 2003) (quoting *Sandin*,

515 U.S. at 484).  Second, once plaintiff shows a protected liberty interest is implicated, he must show defendants did not afford him procedural protections under the due process clause. *Id.* As discussed above, those procedures include an informal non-adversary hearing within a reasonable time after being segregated, notice of the charges and reasons for the segregation, and an opportunity to present his views. *Toussaint*, 801 F.2d at 1100.  Here, it is possible plaintiff may be able to amend his complaint to show a violation of due process.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations filed January 26, 2023 (ECF No. 24), are adopted in part;

2. Plaintiff's Fourteenth Amendment due process claim is dismissed with leave to amend. Plaintiff's amended complaint, if any, shall be filed within 21 days after the filed date of this order; and

3. This matter is referred back to the assigned magistrate judge for all further pretrial proceedings consistent with this order.

DATED:  March 22, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE