UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON MIGUEL ESCAMILLA, | No. 2:22-cv-2038 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| A. OBOYLE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the court are plaintiff's request for the appointment of counsel (ECF No. 35) and defendants' request for a second extension of time to opt out of the Post-Screening ADR Project (ECF No. 37).

Good cause appearing, defendants' request for an additional thirty days to opt out of ADR will be granted.  With respect to plaintiff's request for counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

////

1

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff seeks counsel on the ground that he was stabbed by his cellmate multiple times on March 17, 2023, and he is currently recovering from the numerous injuries he suffered. ECF No. 35 at 1. As the court noted in denying plaintiff's previous request, this case has been referred to the Post-Screening ADR Project and is currently stayed. As a result, plaintiff currently has no deadlines except for the deadline to file an optional amended complaint. See ECF No. 34. In light of the ADR stay and plaintiff's current condition, that deadline will also be stayed. Plaintiff therefore has no pending deadlines, and there is no indication that he would be unable to participate in a settlement conference should one be scheduled in the future. For these reasons, plaintiff has not shown the existence of extraordinary circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel (ECF No. 325) is DENIED.

2. Plaintiff's deadline to file an amended complaint is stayed while this case is referred to the Post-Screening ADR Project. In the event this case does not settle, a new deadline will be set for plaintiff to file an amended complaint.

3. Defendants' request for an extension of time (ECF No. 37) is GRANTED. Defendants shall have until May 11, 2023, to opt out of the Post-Screening ADR Project.

DATED: April 11, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE