1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRANDON MIGUEL ESCAMILLA,            No.  2:22-cv-2038 KJM AC P

12                   Plaintiff,

13         v.                             ORDER

14   A. OBOYLE, et al.,

15                   Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights

18   action filed pursuant to 42 U.S.C. § 1983.  Currently before the court are defendants' motion to

19   opt out of the Post-Screening ADR Project and plaintiff's second amended complaint.[1]

20         I.      Motion to Opt Out of the Post-Screening ADR Project

21         By order filed February 10, 2023, this case was referred to the court's Post-Screening

22   ADR (Alternative Dispute Resolution) Project and stayed for a period of 120 days.  ECF No. 27.

23   That order provided defendants the opportunity to request opting out of the ADR Project based on

24   a good faith belief that a settlement conference would be a waste of resources.  Id. at 2.

25   Defendants received several extensions of time to request leave to opt out of the ADR Project and

26

27   _____
     [1]  Plaintiff was granted permission to file a second amended complaint during the course of the
     ADR stay based on allegations that he was placed in administrative segregation without a hearing.
28   ECF No. 34.

                                          1

1    that deadline expired on June 12, 2023.  ECF No. 44.  Now, nearly a month after the deadline

2    expired, defendants seek to opt out of the Post-Screening ADR Project.  ECF No. 45.

3          Though defendants fail to clearly explain their delay in seeking to opt out, it appears that

4    the delayed request is due to counsel having recently been advised that the non-monetary

5    settlement plaintiff was seeking is not an option.  Id. at 2.  The court assumes that defendants did

6    not seek a further extension of time to opt out or request to opt out prior to the deadline's

7    expiration because they believed the requested relief might be a viable option for settlement until

8    the recent notification to the contrary.  Therefore, despite the delay, the court finds good cause to

9    grant the request to opt out.

10         II.    Second Amended Complaint

11               A.  Statutory Screening of Prisoner Complaints

12         The court is required to screen complaints brought by prisoners seeking relief against "a

13   governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

14   The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

15   "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

16   monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

17         A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

18   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

19   Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

20   theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

21   640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

22   stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

23   constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

24   Franklin, 745 F.2d at 1227-28 (citations omitted).

25         "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

26   claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

27   what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

28   U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

"Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### B. Analysis

The second amended complaint, like the previous complaints, alleges that defendants Oboyle and Phillips assaulted plaintiff on August 24, 2022, and falsified documents and evidence against him to cover up the assault.  ECF No. 42.  Plaintiff has once again successfully alleged an excessive force claim against defendants.  See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (force is excessive if used "maliciously and sadistically to cause harm" (citation omitted)).  Plaintiff also reiterates his claim that his due process rights were violated when defendants made false allegations against him, wrote him up for a false disciplinary violation, and planted evidence to cover up their assault.  ECF No. 42 at 7-8.  As before, these allegations fail to state a claim for relief.  See Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997) ("[T]here are no procedural

3

safeguards protecting a prisoner from false retaliatory accusations.").  Finally, plaintiff makes new allegations that he was not told why he was being sent to administrative segregation after defendants assaulted him and that he has been unable to have a hearing on the disciplinary charges because the charges were referred to the district attorney for prosecution.  ECF No. 42 at 8.

To the extent that plaintiff is now attempting to state a claim based upon his placement in administrative segregation, he does not state a claim for relief.  When an inmate is placed in administrative segregation, the Constitution requires only that he be given "an informal, nonadversary review of the information supporting [his] administrative confinement, including whatever statement [he] wishe[s] to submit, within a reasonable time after confining him to administrative segregation." Hewitt v. Helms, 459 U.S. 460, 472 (1983), overruled on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).  "An inmate must merely receive some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation.  Ordinarily a written statement by the inmate will accomplish this purpose . . . ." Id. at 476.

Though plaintiff alleges that he was not told why he was being sent to administrative segregation at the time of his placement (ECF No. 42 at 8), the law requires only that he be notified of the reasons "within a reasonable time" after confinement and it is not clear that he was denied such notice.  Similarly, he asserts that he was not given an opportunity to share his views at the time he was written up (id. at 9) but does not address whether he was denied the opportunity to provide a statement at a later date.  Plaintiff also alleges that he has not yet been provided a disciplinary hearing due to the referral of the charges to the district attorney (id. at 8), but there are no allegations that he has been denied an informal, non-adversary hearing regarding his placement in administrative segregation.  Finally, even assuming that plaintiff was denied the required due process protections, there are no allegations demonstrating that either defendant was responsible for providing or failed to provide plaintiff these protections.  See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) ("Liability under § 1983 must be based on the

////

4

1    personal involvement of the defendant." (citing <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.

2    1980)).

3          C.   <u>Leave to Amend</u>

4          For the reasons set forth above, the court finds that the complaint does not state any

5    cognizable due process claims.  However, it appears that plaintiff may be able to allege facts to

6    remedy this and he will be given one final opportunity to amend the complaint if he desires.

7    Accordingly, plaintiff may proceed forthwith on his excessive force claim against defendants

8    Oboyle and Phillips or he may delay serving any defendant and amend the complaint.

9          Plaintiff will be required to complete and return the attached notice advising the court how

10   he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to

11   file an amended complaint.  If plaintiff elects to proceed on his excessive force claim against

12   defendants Oboyle and Phillips without amending the complaint, the court will order defendants

13   to respond to the second amended complaint.  A decision to go forward without amending the

14   complaint will be considered a voluntarily dismissal without prejudice of the due process claims.

15         If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions

16   about which he complains resulted in a deprivation of his constitutional rights.  <u>Rizzo v. Goode</u>,

17   423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named

18   defendant is involved.  <u>Arnold v. Int'l Bus. Machs. Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981).

19   There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

20   connection between a defendant's actions and the claimed deprivation.  <u>Id.</u>; <u>Johnson v. Duffy</u>,

21   588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

22   participation in civil rights violations are not sufficient."  <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266,

23   268 (9th Cir. 1982) (citations omitted).

24         Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

25   his amended complaint complete.  Local Rule 220 requires that an amended complaint be

26   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

27   amended complaint supersedes the original complaint.  <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir.

28   1967) (citations omitted), <u>overruled in part by</u> <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 928 (9th

Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint, his prior complaints no longer serve any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

III.     Plain Language Summary of this Order for a Pro Se Litigant

Some of the allegations in the complaint state claims against the defendants and some do not.  You have stated a claim for excessive force against defendants Oboyle and Phillips but you have not alleged enough facts to show that they violated your right to due process with respect to your placement in administrative segregation.  The allegations that they falsified charges against you and planted evidence do not support a due process claim.

You have a choice to make.  You may either (1) proceed immediately on your excessive force claim against Oboyle and Phillips and voluntarily dismiss the other claims or (2) try to amend the complaint.  If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your Fourteenth Amendment due process claims.  If you choose to file a third amended complaint, it must include all claims you want to bring.  Once an amended complaint is filed, the court will not look at any information in the original or prior amended complaints.  **Any claims and information not in the third amended complaint will not be considered.**  You must complete the attached notification showing what you want to do and return it to the court.  Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to respond).

Accordingly, IT IS HEREBY ORDERED that:

1.   Defendants' request to opt out of the Post-Screening ADR Project (ECF No. 45) is GRANTED.

2.   The ADR stay of this action, commencing February 10, 2023 (ECF No. 27), is LIFTED.

3.   Plaintiff's Fourteenth Amendment claims against defendants Oboyle and Phillips do not state claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on his excessive force claim against defendants Oboyle and Phillips as set forth above or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a third amended complaint.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the Fourteenth Amendment due process claims.

DATED: July 14, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    BRANDON MIGUEL ESCAMILLA,              No.  2:22-cv-2038 KJM AC P

12                 Plaintiff,

13         v.                                NOTICE OF ELECTION

14    A. OBOYLE, et al.,

15                 Defendants.

16

17         Check one:

18    _____ Plaintiff wants to proceed immediately on his excessive force claim against defendants

19         Oboyle and Phillips without amending the complaint.  Plaintiff understands that by going

20         forward without amending the complaint he is voluntarily dismissing without prejudice

21         his Fourteenth Amendment due process claims pursuant to Federal Rule of Civil

22         Procedure 41(a).

23

24    _____ Plaintiff wants to amend the complaint.

25

26    DATED:_____        _____

27                                          Brandon Miguel Escamilla
                                            Plaintiff pro se
28

                                    1