UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON MIGUEL ESCAMILLA, | No. 2:22-cv-02038 KJM AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| A. OBOYLE, et al., | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, has filed a third amended complaint (ECF No. 51), which defendants have moved to dismiss (ECF No. 52).

I. Procedural History

On screening the original complaint, the undersigned found that plaintiff had stated a claim for excessive force against defendants Oboyle and Phillips and ordered service of the complaint. ECF No. 6. Plaintiff then proceeded to file a first amended complaint in which he again alleged that defendants had assaulted him, and also attempted to add a due process claim based on the allegation that defendants falsified documents and evidence to cover up their assault. ECF No. 23. On screening of the first amended complaint, the undersigned found that plaintiff had once again stated a claim for excessive force but that the due process claim was not cognizable and recommended that the due process claim be dismissed without leave to amend. ECF No. 24. The district judge adopted the findings and recommendations in part and held that

1

while the complaint did not state a due process claim based on falsified evidence, plaintiff's objections had raised a potential due process claim related to his alleged placement in administrative segregation without a hearing. ECF No. 34. As a result, plaintiff's due process claim was dismissed with leave to amend. Id.

Plaintiff proceeded to file a second amended complaint in which he restated the claims in the first amended complaint and added new allegations that he was not told why he was being sent to administrative segregation after defendants assaulted him and that he had been unable to have a hearing on the disciplinary charges because the charges were referred to the district attorney for prosecution. ECF No. 42. On screening, the court found that plaintiff had stated a claim for excessive force but once again failed to allege any cognizable due process claims; plaintiff was given the option of proceeding on the complaint as screened or making one final attempt to amend the complaint. ECF No. 47. Plaintiff then filed the third amended complaint which alleges that defendants assaulted him and that his due process rights were violated when they conducted an unauthorized investigation, made false allegations against him, wrote him up for a false disciplinary violation, and planted evidence to cover up their assault. ECF No. 51. Defendants have moved to dismiss the due process claims without leave to amend on the ground that they once again fail to state a cognizable claim. ECF No. 52.

II.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

1  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

2  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

3  Franklin, 745 F.2d at 1227-28 (citations omitted).

4       "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

5  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

6  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly,

7  550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47

8  (1957)).  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the

9  context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v.

10  Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal

11  for failure to state a claim, a complaint must contain more than "a formulaic recitation of the

12  elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to

13  relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he

14  pleading must contain something more . . . than . . . a statement of facts that merely creates a

15  suspicion [of] a legally cognizable right of action."  Id. (alteration in original) (quoting 5 Charles

16  Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

17       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

18  relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

19  Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

20  content that allows the court to draw the reasonable inference that the defendant is liable for the

21  misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this

22  standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

23  Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

24  pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

25  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

26      III.    Third Amended Complaint

27       The third amended complaint once again alleges that defendants Oboyle and Phillips

28  assaulted plaintiff on August 24, 2022.  Plaintiff alleges that Oboyle smashed plaintiff's face into

a wall and began to beat him, and Phillips joined in the attack by punching and kicking plaintiff in the head, face, and upper torso. ECF No. 51 at 11-13. Plaintiff also alleges that his due process rights were violated when defendants conducted an unauthorized investigation, made false allegations against him, wrote him up for a false disciplinary violation, and planted evidence to cover up their assault. Id. at 10-11, 13.

Plaintiff has once again successfully alleged an excessive force claim against defendants. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (force is excessive if used "maliciously and sadistically to cause harm" (citation omitted)). Similarly, plaintiff once again fails to state a claim for relief based on the falsification of documents and evidence. See Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997) ("there are no procedural safeguards protecting a prisoner from false retaliatory accusations"). To the extent plaintiff now attempts to allege a violation of his due process rights based on an unauthorized or inadequate investigation, his claim is not cognizable. See Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved." (citation omitted)).

IV. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

For the reasons set forth above, the court finds that the complaint does not state any cognizable due process claims. Plaintiff has already been given multiple opportunities to amend the complaint and advised what kind of information he needed to provide. Given plaintiff's multiple attempts to amend the complaint and his failure to sufficiently allege any claims beyond his excessive force claim, it does not appear that further amendment would result in any additional cognizable claims. As a result, leave to amend would be futile and plaintiff's due process claims should be dismissed without leave to amend.

V.     Motion to Dismiss

The court is required to screen the complaint before defendants become obligated to respond.  See 28 U.S.C. § 1915A(a).  Because screening of the complaint has resulted in a recommendation that plaintiff's due process claims be dismissed without leave to amend, the same relief sought in defendants' motion to dismiss, the motion will be denied as moot.

VI.    Plain Language Summary of this Order for a Pro Se Litigant

Some of the allegations in the complaint state claims against the defendants and some do not.  You have stated a claim for excessive force against defendants Oboyle and Phillips but you have not alleged enough facts to show that they violated your right to due process.  It is being recommended that your due process claims be dismissed without leave to amend because you have had multiple chances to try and fix the defects in your claims.

CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that defendants' motion to dismiss (ECF No. 52) is DENIED as moot.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's due process claims be dismissed without leave to amend;

2. This case proceed on plaintiff's excessive force claims only; and

3. In the event these findings and recommendations are adopted, defendants Oboyle and Phillips be ordered to respond to the third amended complaint within twenty-one days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The

////

////

////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:

DATED:  September 11, 2023.

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE